## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN CANNON, | : | |
|     Petitioner, | : | |
| | : | |
|         v. | : | **CIVIL ACTION NO. 19-CV-1492** |
| | : | |
| THERESA DELBALSO, *et al.,* | : | |
|     Respondents. | : | |

## ORDER

**AND NOW**, this 30th day of November, 2020, upon consideration of the Petition for Writ of Habeas Corpus (Doc. No. 2), Respondents' Response (Doc. No. 18), Petitioner's Reply (Doc. No. 43), the Report and Recommendation ("R&R") of United States Magistrate Judge Timothy R. Rice (Doc. No. 44), and Petitioner's Objections (Doc. No. 48), I find as follows:

## Factual and Procedural Background

1. On January 23, 2013, Petitioner was convicted at a bench trial of first-degree aggravated assault, simple assault, possession of an instrument of a crime, recklessly endangering another person, terroristic threats, and harassment. The charges arose from an ongoing neighborhood dispute, which culminated in Petitioner attacking and stabbing his neighbor with a knife.

2. On April 8, 2013, Petitioner was sentenced to an aggregate term of ten to twenty years' imprisonment. The Pennsylvania Superior Court affirmed on December 18, 2014. Petitioner did not request review by the Pennsylvania Supreme Court.

3. On November 20, 2015, Petitioner file a *pro se* petition pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA"). The PCRA Court dismissed his petition on October 17, 2017 and, on March 25, 2019, the Pennsylvania Superior Court affirmed. Petitioner again did not request review by the Pennsylvania Supreme Court.

1

4.  Petitioner filed his federal Petition for Writ of Habeas Corpus on April 2, 2019, setting forth four claims:  (1) ineffective assistance of counsel for not objecting to the admission of medical records and a doctor's testimony; (2) ineffective assistance of counsel for not seeking to amend his criminal information to add the lesser-included offense of second-degree aggravated assault; (3) ineffective assistance of counsel for failure to object to testimony about previous altercations between Petitioner and the victim; and (4) violation of due process rights resulting from law enforcement's failure to collect exculpatory evidence from the crime scene.

5.  I referred this matter to United States Magistrate Judge Timothy R. Rice for a Report and Recommendation ("R&R").  On July 8, 2020, following additional briefing by the parties, Judge Rice determined that (a) Petitioner's claim of ineffective assistance of counsel for not raising a Confrontation Clause violation was procedurally defaulted, and (b) the remainder of Petitioner's claims were meritless.

6.  Petitioner filed Objections to the R&R on September 18, 2020.[1]

**Standard of Review**

7.  Under 28 U.S.C. § 636(b)(1)(B), a district court judge may refer a habeas petition to a magistrate judge for proposed findings of fact and recommendations for disposition. When objections to a Report and Recommendation have been filed, the district court must make a *de novo* review of those portions of the report to which specific objections are made. 28 U.S.C. § 636(b)(1)(C); Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In performing this review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

---

[1]   Petitioner received an extension to file these Objections in light of delays occasioned by the COVID-19 pandemic.

**Discussion**

*Objection 1 – Trial Counsel Was Ineffective In Failing to Object to Violation of Confrontation Rights*

8. Petitioner's first objection concerns his claim that trial counsel was ineffective for not objecting to the admission of the victim's emergency room medical records and the treating surgeon's testimony because such evidence violated his Confrontation Clause rights.  In that claim, Petitioner contended that, without those records and reports, the Commonwealth would not have been able to prove that the victim suffered a serious bodily injury.

9. Judge Rice found that because Petitioner failed to raise his claim in state court, and was now barred from doing so, the claim was procedurally defaulted.  (R&R 2–3 (citing Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991).)  Judge Rice further concluded that the procedural default could not be excused because the underlying claim was not "substantial" under Martinez v. Ryan, 566 U.S. 1, 14, 17–18 (2012).  Specifically, he reasoned that even assuming a Confrontation Clause violation, Petitioner had not suffered resulting prejudice because the remaining independent evidence, including testimony from the victim and one of the responding officers, was sufficient for the factfinder to determine that the victim suffered a serious bodily injury.

10. Petitioner now objects to that ruling, arguing:

    - This claim has arguable merit and is "substantial".

    - This claim is eligible for federal court review and relief as petitioner can satisfy the "cause and prejudice" exception to excuse procedural default.

    - The [magistrate judge] and state courts decision(s) on this claim does [not] meet the criteria of 28 U.S.C. section 2254(d) standard.

    - The [magistrate judge] may have erred to conclude the [Commonwealth] did not emphasize the tainted diagnoses and medical opinion testimony contained in those reports throughout its

entire case-in-chief; also the [Commonwealth] asks trial court to engage in speculation and conjecture as to the nature, severity and extent of Mr. Wheeler's injury in its closing argument.

- It may be with error to apply the "presumption of correctness" to the state courts factual determinations (and legal).

- Further objections are made to include all other factfindings, legal conclusions and other unfavorable aspects of portions of the [magistrate judge]'s report regarding Ground One not specified above as the unrepresented pro se petitioner is legally unsophisticated in the art of law and believes his non-objection will have a decisive negative impact on his rights at both the trial and appellate levels.

(Pet.'s Objections 2–3.)

11. Nothing in these objections provides any basis for rejection of the R&R's conclusions. *De novo* review of contested portions of an R&R applies only to the extent a party's objections are both timely and specific; if objections are merely "general in nature," the court "need not conduct a *de novo* determination." Goney v. Clark, 749 F.2d 5, 6–7 (3d Cir. 1984). The Third Circuit has explicitly instructed that "providing a complete *de novo* determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process." Id. at 7. Portions of an R&R to which there are only general objections are reviewed for clear error. Crist v. Kane, No. 14-1412, 2016 WL 5373645, at *1 (M.D. Pa. Sept. 26, 2016).

12. Petitioner's objection on this claim neither challenges the procedural default finding nor demonstrates prejudice sufficient to satisfy the cause and prejudice standard. Rather, it is nothing more than a general contention that the R&R is wrong, without identification of any particular deficiency in the analysis. As I find no clear error in Judge Rice's recommendation, I will overrule this objection.

4

*Objection Two – Violation of Due Process by Failure of Commonwealth to Collect Blood Evidence for DNA Testing*

13. Petitioner's second objection concerns his claim that the Commonwealth violated his due process rights by not collecting exculpatory evidence from the scene.  In the state courts, he contended that the Commonwealth's decision to photograph blood evidence at the scene— but not collect blood samples—was in bad faith because the act of taking photographs shows that police knew that DNA evidence from the blood would show that the victim attacked him and he stabbed the victim in self-defense.

14. The Pennsylvania Superior Court concluded that this claim was nothing more than a "general, unsubstantiated allegation of bad faith."  (R&R 9 (citing 3/25/19 Super Ct. Op. at 9.).)

15. Upon review of the state court record, Judge Rice agreed, noting that because the evidence showed the source of the blood found at the scene was never in dispute, Petitioner failed to demonstrate that investigators acted in bad faith when they decided not to collect blood samples for DNA testing.

16. Petitioner objects, arguing that "[i]t may be with error to presuppose state's officers conducted an unbiased, thorough and complete investigation that was in accord with normal practice and procedure as police officer(s) in-court trial testimony reveals 'neither on-scene or other investigating officers tried to either confirm or refute [Petitioner's] version of events' . . ., did not seek search warrants to search houses . . ., and did not hold the scene."  (R&R 3 (internal citations omitted).)

17. This objection fails to establish a valid due process claim.  In <u>Arizona v. Youngblood</u>, 488 U.S. 51 (1988), the United States Supreme Court held that the failure by police to preserve potentially useful evidence is not a denial of due process of law unless bad faith can be

shown. Id. at 58. "The presence or absence of bad faith by the police must necessarily turn on the police's knowledge of the exculpatory value of the evidence at the time it was lost or destroyed." Id. at 56 n.*.

18. Petitioner's objection does not specify what evidence police could or should have found at the scene—either through search warrants of the house, blood collection, or otherwise—to corroborate his version of the events. Petitioner also fails to suggest, other than in the most general sense, that the police officers knew there was exculpatory evidence and nonetheless acted in bad faith in failing to preserve it. Absent at least a modicum of specificity in his objection, I cannot find that the state court's denial of this claim was either contrary to or an unreasonable application of federal law. See United States v. Taylor, 379 F. App'x 240, 244 (3d Cir. 2010) (finding insufficient a general argument that police should have known of exculpatory evidence and taken steps to have the evidence preserved). Accordingly, I will deny this objection as well.

*Objection Three – Trial Counsel Ineffectiveness for Failing to Argue for Lesser-Included Offense*

19. Petitioner's last objection[2] involves his claim of trial counsel ineffectiveness for failure to amend his criminal information to add the lesser-included offense of second-degree aggravated assault.

20. The Pennsylvania Superior Court found sufficient evidence that Petitioner intentionally caused serious bodily harm to the victim because Petitioner aimed his knife at the victim's head and stabbed with enough force that the knife went through the victim's defensively-

---

[2]   Petitioner does not raise an objection to the R&R's ruling on his claim that trial counsel was ineffective for failing to object to testimony about previous altercations between Petitioner and the victim.

positioned arm.  In turn, the Superior Court concluded that there was no basis for trial counsel to seek to amend the charges to include a second-degree aggravated assault charge.

21. On review, Judge Rice noted that because Petitioner's trial was conducted as a bench trial, the presiding judge had the *sua sponte* authority to find Petitioner guilty of a lesser-included offense if warranted.  Judge Rice further remarked that, according to the trial record, trial counsel indeed asked the court to consider second-degree aggravated assault.

22. Petitioner now objects that "[i]t may be with error to conclude trial defense counsel made an argument for an F-2 aggravated assault charge" and "to conclude an F-2 assault charge was before trial court to consider *sua sponte* or otherwise."  (Pet.'s Objections 4.)

23. Petitioner, however, identifies neither clear factual error by Judge Rice, nor legal error in Judge Rice's statement of "well-settled" Pennsylvania law that a trial judge has authority to *sua sponte* find a defendant guilty of a lesser-included offense. Commonwealth v. Ball, 146 A.3d 755, 769 (Pa. 2016).  As such, I will overrule this objection.

**WHEREFORE**, it is hereby **ORDERED** that:

1.     The Report and Recommendation is **APPROVED** and **ADOPTED**;

2.     Petitioner's Objections are **OVERRULED**;

3.     The Petition for Writ of Habeas Corpus is **DENIED**;

4.     There is no probable cause to issue a certificate of appealability;

5.     The Clerk of Court shall mark this case **CLOSED**.

**BY THE COURT:**

*/s/ Mitchell S. Goldberg*
**MITCHELL S. GOLDBERG, J.**